IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SFC KEVIN L. MENEFEE, | § § § | |
| *Plaintiff*, | § § | SA-17-CV-00468-OLG |
| vs. | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant*. | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the Motion to Dismiss for Lack of Subject Matter Jurisdiction [#7] filed by Defendant United States of America. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#8]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Plaintiff failed to exhaust his administrative remedies as required by the Federal Tort Claims Act, it is recommended that the District Court dismiss this case for lack of subject matter jurisdiction.

**Background**

Plaintiff Kevin L. Menefee, proceeding pro se, originally filed this medical malpractice negligence action on May 5, 2017, in the Justice Court, Precinct No. 4, Place 1, in Bexar County, Texas against Defendant Major Brian Hood, a United States Department of the Air Force employee and active duty surgeon. (*See* [#1] at 6). Menefee in his state Petition generally alleges "pain and suffering" and "complications from surgery," and he seeks a total of $10,000 in damages from Hood. (*Id.*). Hood, by and through the United States Attorney for the Western District of Texas, removed Menefee's state petition to this Court on May 25, 2017, invoking 28

1

U.S.C. §§ 2679(d)(2) & 1442(a)(1), as the petition alleged claims in state court against a federal agency and an employee of the federal government [#1]. The Federal Tort Claims Act (FTCA) is the exclusive remedy for tort claims against the United States and precludes suit against individual government actors acting within the scope of their governmental employment. 28 U.S.C. §§ 1346(b)(1) & 2671, *et seq.* Accordingly, the District Court granted the United States of America's request to substitute as Defendant for Hood [#4].

On June 28, 2017, Menefee instituted a second action in state court. In that second action, Menefee also complains of medical malpractice and seeks monetary damages against Defendants United States of America, Richard L. Durbin, Jr. (United States Attorney for the Western District of Texas), and James F. Gilligan (Assistant United States Attorney). The United States also removed that second case to federal court, and it is now styled, *Sergeant First Class Kevin v. United States of America*, No. SA-17-cv-642. According to the United States, that second case (No. SA-17-cv-642) and the present case (No. SA-17-cv-468) both concern the same core of operative facts and medical malpractice allegations. The second case, like this one, was assigned to the Honorable Chief Judge Garcia, and he referred that second case to the Honorable Elizabeth S. Chestney. On October 10, 2017, Judge Chestney, on motion of the United States, recommended dismissal of that second case, No. SA-17-cv-642, for failure to exhaust administrative remedies. That recommendation remains pending with the District Court.

**Legal Standard**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the subject matter jurisdiction of the district court. The burden of proof in a Rule 12(b)(1) motion falls on the party asserting jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Plaintiff Menefee, in other words, bears the burden here to show the Court's jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). Pro se pleadings are viewed under a less stringent standard than would ordinarily apply to pleadings drafted by an attorney. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Menefee's pleadings are entitled to a liberal construction that draws all reasonable inferences in his favor. *See id.*

### Analysis

The undersigned concludes that this case, much like the similar case addressed by Magistrate Judge Chestney, should be dismissed under Rule 12(b)(1). Menefee has failed to carry his burden of demonstrating the court's jurisdiction because he has not shown, or even alleged, that he exhausted available administrative remedies. *See, e.g.*, *Lewis v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:12-CV-2540-D, 2013 WL 2367786, at *2 (N.D. Tex. May 30, 2013).

"The FTCA waives the United States' sovereign immunity from tort suits, 28 U.S.C. § 2674, and is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment. 28 U.S.C. § 2679." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). A plaintiff must first exhaust all administrative remedies before bringing a FTCA claim in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). The FTCA instructs, as pertinent here, that a tort claim cannot be entertained in federal court unless it is "first presented . . . to the appropriate Federal agency" and the administrative claim has "been finally denied by the agency in writing," or unless six months have passed since the plaintiff made his administrative demand. 28 U.S.C. § 2675(a). A failure to follow this procedure to exhaust administrative remedies deprives a

district court of subject matter jurisdiction. *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984).

Menefee fails to carry his burden regarding the court's jurisdiction. His Petition does not allege or otherwise indicate that he exhausted available administrative remedies before filing this tort action against the United States. At the same time, attached to the United States' motion to dismiss is undisputed evidence establishing that Menefee did not file an administrative demand or claim with the United States Department of Army or Air Force prior to filing his original petition in state court. (*See* Decl. of Connie McConahy, United States Army Claim Service attached as Ex. A to the Motion; Decl. of Daniel G. Lemieux, Claims and Tort Litigation Division, United States Air Force, attached as Ex. B to the Motion). Because Menefee has not filed a response to the United States' motion, these declarations are unrebutted and conclusively establish his failure to comply with the FTCA. That failure to comply with the jurisdictional requirements of the FTCA compels the undersigned to recommend that the District Court dismiss this case for lack of subject matter jurisdiction.

## Conclusion and Recommendation

Having considered Defendant's motion, the lack of any response thereto, and the entire record in this case, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#7].

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

It is so **ORDERED**.

**SIGNED** this 25th day of October, 2017.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE